IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>HONORABLE ALEX AZAR,<br>Secretary, U.S. Dept. of Health and<br>Human Services,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:19-cv-02152-LMM-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Kimberly Brown ("Plaintiff"), proceeding *pro se*, seeks leave to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). The affidavit of poverty indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). Therefore, this action shall proceed as any other civil action. Because Plaintiff is proceeding without prepayment of a filing fee, the Court shall consider whether her Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

I.      **STANDARD OF REVIEW**

Section 1915(e)(2) requires the Court to dismiss an *in forma pauperis* complaint at any time if the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous only if it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of a plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Federal Rule of Civil Procedure 12(b)(6) standards to 28 U.S.C. § 1915(e)(2)(B)(ii)). A complaint must contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v.

Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).  Thus, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## II.   ALLEGATIONS

This is the second case Plaintiff has filed related to her employment with the United States Department of Health and Human Services ("Defendant").  In Plaintiff's previous case, Plaintiff brought claims against Defendant for discrimination, retaliation, and harassment under the Americans with Disabilities Act ("ADA") and for breach of contract.  Brown v. Azar, No. 18-cv-02504-LMM-LTW (N.D. Ga.) ("Brown I").  On a 28 U.S.C. §1915(e)(2) review, the Court advised Plaintiff that she should have brought her ADA disability discrimination claims under Rehabilitation Act but found that her Amended Complaint failed to state a claim for relief under either statute. Brown I, Doc. 10, at 7-25 (N.D. Ga. May 10, 2019), report and recommendation adopted, Doc. 13 (N.D. Ga. May 31, 2019).  The District Court adopted this Court's recommendation of dismissal without prejudice.  Brown I, Doc. 13, at 1 (N.D. Ga. May 31, 2019).

Three days after this Court recommended that Brown I be dismissed, Plaintiff filed the instant case.  (Compl., Doc. 1-1).  Plaintiff again brings employment discrimination claims against Defendant based on her disability.  (Compl. ¶¶ 1, 5-6).

3

Plaintiff provides details regarding an alleged dispute with Vincent Williams in 2014 when he was her acting supervisor. (Compl. ¶¶ 9-15). Plaintiff states that on March 21, 2014, she applied for sick leave because an illness rendered her unable to return to work after lunch the previous day. (Compl. ¶¶ 9-10). Williams denied her sick leave and charged her as Absent Without Leave ("AWOL"). (Compl. ¶ 11). Plaintiff responded by informing Williams of her disability status by email, but Williams shut the door in her face and refused to hear her appeal. (Compl. ¶¶ 12, 14). According to Plaintiff, three days later, Williams came to her desk, banged on her cubicle wall, and kept repeating "I'm saying good morning to you." (Compl. ¶ 15). Plaintiff claims she did not respond because she felt intimidated after Williams closed the door on her. (Id.). Plaintiff states that she did not speak with Williams for two years and blames Dawn Hines, her direct supervisor, for permitting a hostile work environment to exist between Plaintiff and Williams. (Compl. ¶¶ 18, 24). In her previous Complaint, Plaintiff alleged that Williams did not speak to her for two years but did not explain the origin of the dispute. (Brown I, Am. Compl., Doc. 5, ¶ 60).

Plaintiff states that she requested to be transferred from Hines to another supervisor, but her request was denied by Hines and Ingrid Zambrana. (Compl. ¶ 19). Plaintiff also asserts that she was temporarily assigned to Zambrana for three months, but Plaintiff ended up working for Zambrana for nine months in the "File Room."

(Compl. ¶ 20). Plaintiff also generally alleges that Hines faulted her for arguments between Plaintiff and other employees, and Hines refused to investigate further when asked to do so by Plaintiff. (Compl. ¶ 21). Plaintiff alleges in a conclusory manner that while she was supervised by Hines, she was subjected to a "hostile work environment, harassment, intimidation, belittling, retaliation, fraudulent accusations, and defamation." (Compl. ¶ 23). These allegations are identical to allegations contained in Plaintiff's first lawsuit. (Brown I, Am. Compl. ¶¶ 30-31, 59).

Plaintiff contends that she expressed to Hines that she intended to file a formal complaint on several occasions between March 2014 and December 2, 2014. (Compl. ¶ 27). On December 18, 2014, the AWOL charge was removed from Plaintiff's record and, on the same day, Plaintiff was issued a "Letter of Caution: Excessive Unscheduled Leave" for leave taken over a year earlier. (Compl. ¶ 28). Plaintiff claims that although Hines initially dissuaded her from filing a complaint, she eventually filed an EEOC complaint on March 19, 2015. (Id.). Plaintiff further complains that she did not timely receive discovery items in her EEOC case. (Compl. ¶¶ 32-34). These are all new allegations not included in Plaintiff's her previous lawsuit. (See Brown I, Am. Compl.).

Plaintiff for the first time alleges that she had to take two months of leave without pay from July 2014 through September 2014 because of "these allegations." (Compl.

¶ 36). As in her previous lawsuit, Plaintiff seeks $250,000 in for "public humiliation, defamation, invasion of privacy, and harassment."[1]  (Compl. ¶ 37; Brown I, Am. Compl. ¶ 67).  Plaintiff asks the Court to declare that Defendant violated the ADA and "breached its agreement(s)" with Plaintiff and award Plaintiff damages, her fees and costs, and other relief to which she may be entitled.  (Compl., p. 7).

Plaintiff again brings claims for discrimination and retaliation under the Americans with Disabilities Act that should be brought under the Rehabilitation Act, 29 U.S.C. § 791 et. seq.  (Compl. ¶ 1; Brown I, Compl. ¶ 1).  Pascal v. McHugh, No. CV-12-S-2985-NE, 2015 WL 3836965, at *20 (N.D. Ala. June 22, 2015) (explaining that the Rehabilitation Act is the exclusive remedies for disability discrimination against federal employees); Rogers v. Shinseki, No. CV-112-194, 2014 WL 1093147, at *2 n.3 (S.D. Ga. Mar. 18, 2014); Van Durr v. Geithner, No. 1:11-CV-227-MP-GRJ, 2012 WL 2890449, at *1 n.1 (N.D. Fla. June 8, 2012).  Plaintiff requests a declaration that Defendant breached an agreement with her, suggesting that she intends to bring a claim for breach of contract.  (Compl. p. 4).

## III. LEGAL ANALYSIS

---

[1] As it did before, the Court construes these to be descriptions of harms for which Plaintiff believes should be compensated as opposed to independent claims.  To the extent Plaintiff intends to bring them as independent claims, they are not cognizable based on the facts alleged.

A.     **Timeliness of Complaint**

Before commencing a civil action, a plaintiff bringing a claim under either the ADA or the Rehabilitation Act must exhaust her administrative remedies in the manner prescribed by Title VII of the Civil Rights Act of 1964.  42 U.S.C. §§ 2000e-5; 42 U.S.C. § 12117(a); Doe v. Garrett, 903 F.2d 1455, 1461 (11th Cir. 1990) (holding that private actions against federal government employers must satisfy Title VII's requirements for exhausting administrative remedies).  Plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the occurrence of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1).  After the EEOC's investigation into the charge, and upon receipt of the EEOC's notice of the right to sue, a plaintiff must file a judicial complaint within ninety days.  42 U.S.C. § 2000e-5(f)(1); Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) (holding that Title VII actions may not be brought more than ninety days after the complainant receives notice that the EEOC dismissed the charge).  Although the ninety-day deadline is strict, it is non-jurisdictional and subject to equitable tolling in extraordinary circumstances.  See Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850 (2019) (holding that Title VII's charge-filing provisions are non-jurisdictional); Stamper v. Duval Cty. Sch. Bd., 863 F.3d 1336, 1342 (11th Cir. 2017) (holding that the timely-filing requirements of Title VII are non-jurisdictional and subject to

equitable tolling in extraordinary circumstances beyond plaintiff's control); Norris v. Fla. Dep't of Health and Rehabilitative Servs., 730 F.2d 682, 683 (11th Cir. 1984) (rejecting as untimely a complaint filed ninety-one days after receiving notice of the right to sue).

Plaintiff alleges "[t]his action is brought timely only after all available administrative procedures were timely filed and exhausted." (Compl. ¶ 1). Notably, Plaintiff made an identical statement in her previous case. (See Brown I, Am. Compl. ¶ 1). However, Plaintiff has not worked for Defendant since September 6, 2016, and most the facts alleged in her Complaint took place in 2014. (See generally Compl.). The only EEOC charge mentioned in Plaintiff's Complaint was filed on March 19, 2015. (Compl. ¶ 27). Plaintiff attaches only three pages of the EEOC's decision on appeal, which states that the ALJ issued a final decision on February 2, 2017, and Plaintiff filed an appeal on June 15, 2017. (Doc. 1-1, at 8). The undersigned notes that Plaintiff failed to attach any of the pages showing the results of her EEOC appeal, including the date it was decided. Given the timing of Plaintiff's EEOC charge, decision, and appeal, the Court finds it unlikely that Plaintiff's case was brought timely, as it was filed almost two years after Plaintiff appealed the ALJ's decision, and Plaintiff's Complaint does not suggest that any extraordinary circumstances existed to justify equitable tolling.

8

### B.     Failure to State a Claim

Even if Plaintiff timely filed this action, Plaintiff's Complaint still fails to state a claim upon which relief can be granted.  As an initial matter, federal agencies are not employers covered by the ADA.  42 U.S.C. § 12111(5) (excluding United States and corporations wholly owned by the United States from the definition of employer); Coleman v. Sec'y U.S. Dep't of Homeland Sec., 649 F. App'x 128, 129-30 (3d Cir. 2016); Smith v. Potter, 400 F. App'x 806, 811 (5th Cir. 2010); Mosely v. Boente, No. 2:16-CV-153, 2017 WL 476278, at *1 (S.D. Ga. Feb. 6, 2017); Jones v. Rumsfeld, No. 5:05-CV-01100-KOB, 2014 WL 1329550, at *12 (N.D. Ala. Mar. 28, 2014); Hollins v. Samuels, No. 1:12-CV-4119-AT-AJB, 2012 WL 12894839, at *2 n.4 (N.D. Ga. Dec. 21, 2012).  The exclusive remedy for disability discrimination in federal employment is under the Rehabilitation Act, 29 U.S.C. § 791 et seq.  Paschal v. McHugh, No. CV-12-S-2985-NE, 2015 WL 3836965, at *20 (N.D. Ala. June 22, 2015) (explaining that the Rehabilitation Act is the exclusive remedy for disability discrimination against federal employees); Rogers v. Shinseki, No. CV 112-194, 2014 WL 1093147, at *2 n.3 (S.D. Ga. Mar. 18, 2014); Van Durr v. Geithner, No. 1:11-CV-227-MP-GRJ, 2012 WL 2890449, at *1 n.1 (N.D. Fla. June 8, 2012).  Because federal agency defendants are not covered by the ADA, Plaintiff's ADA claims are frivolous and should be dismissed on that basis.  However, given the nearly identical statutory requirements of the ADA

and the Rehabilitation Act, the Court will evaluate whether Plaintiff's allegations fail to state a claim under the Rehabilitation Act.  29 U.S.C. § 791(f) (applying the standards from the ADA to all nonaffirmative action employment discrimination claims under the Rehabilitation Act); Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) ("The standard for determining liability under the Rehabilitation Act is the same as that under the ADA.")  However, there is one important distinction between the statutes: the Rehabilitation Act demands a greater showing of causation, requiring proof that the individual was discriminated against "solely by reason of her disability." Wade v. Fla. Dept. of Juvenile Justice, 745 F. App'x 894, 896 (2018) (citing Schwartz v. City of Treasure Island, 544 F. 3d 1201, 1212 n.6 (11th Cir. 2008); Ellis, 432 F.3d at 1326.

### 1. Disparate Treatment under the Rehabilitation Act

To establish a *prima facie* case of discrimination under the Rehabilitation Act, Plaintiff must show that (1) she has a disability, (2) she is otherwise qualified for the position, and (3) she was subjected to unlawful discrimination as a result of her disability.  Boyle v. City of Pell City, 866 F.3d 1280, 1288 (11th Cir. 2017).  The Rehabilitation Act expressly incorporates the ADA's definition of disability: "a physical or mental impairment which substantially limits one or more major life activities," "a record of such an impairment, or being regarded as having such an

impairment." 29 U.S.C. § 705(9); 42 U.S.C. § 12102(1). Plaintiff alleges her disabilities include insomnia, bipolar disorder, cancer, anxiety, and panic attacks. (Compl. ¶ 6). Plaintiff also alleges that her employer was aware of her disabilities. (Compl. ¶¶ 5, 6, 12). The Court finds it plausible at this stage that Plaintiff has a disability under the Rehabilitation Act.

A qualified individual is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); Wade v. Fla. Dept. of Juvenile Justice, 745 F. App'x 894, 896 (11th Cir. 2018) (applying the same definition to the Rehabilitation Act); Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000) (defining "qualified individual with a disability" under the ADA). It is unclear from Plaintiff's Complaint whether she is a qualified individual, as Plaintiff has not alleged sufficient facts about her job requirements or performance to allow the Court to infer that she was capable of doing the essential functions of the job with or without accommodation. Regardless, Plaintiff's claim clearly falls short on the third element.

To establish the third element, Plaintiff must plausibly allege that she suffered an adverse employment action based on her disability.[2] Ellis, 432 F.3d 1321, 1327

---

[2] The third element can also be shown by an employer's failure to provide a reasonable accommodation, but here Plaintiff does not allege that she ever identified

11

(11th Cir. 2005). An adverse employment action is one that a reasonable person would find causes a "serious and material change in the terms, conditions, or privileges of employment." Garrett v. Postmaster Gen. U.S. Postal Servs., 725 F. App'x 792, 758 (11th Cir. 2018) (applying the definition of an "adverse employment action" from Davis to a disability discrimination claim under the Rehabilitation Act); Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239-40 (11th Cir. 2001) (defining "adverse employment action" in the Title VII context). The only possible adverse employment action Plaintiff alleges is the issuance of a "Letter of Caution: Excessive Unscheduled Leave" after Defendant removed the AWOL charge from her record. (Compl. ¶ 28). Plaintiff does not allege how this Letter of Caution resulted in tangible job consequences, and criticism of job performance without tangible consequences will rarely form the basis of a job discrimination claim. Davis, 245 F.3d 1232 (11th Cir. 2001) (summarizing cases).

Most critically, the Court cannot infer that Defendant issued the Letter of Caution solely because of Plaintiff's disability. The Complaint does not allege facts suggesting a causal connection between her disability and the issuance of the Letter or Caution or any of her other complaints about Williams and Hines. Nor does Plaintiff's

---

or requested a reasonable accommodation. See Boyle v. City of Pell City, 866 F.3d 1280, 1289 (11th Cir. 2017).

Complaint allege that Defendant treated non-disabled employees any differently. As a result, Plaintiff has failed to allege facts making it plausible that she suffered disparate treatment on the basis of her disability and the claim should be **DISMISSED**.

### 2. Retaliation under the Rehabilitation Act

The Rehabilitation Act incorporates the anti-retaliation provisions of the ADA. Burgos-Stefanelli v. Sec'y, U.S. Dept. of Homeland Sec., 410 Fed. App'x 243, 245 (11th Cir. 2011). Section 12203(a) of the ADA provides that "no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a). Retaliation claims brought under the Rehabilitation Act and the ADA are assessed under the same rubric as Title VII retaliation claims. Solloway v. Clayton, 738 F. App'x 985, 988 (11th Cir. 2018) (holding that retaliation claims under the Rehabilitation Act are assessed using the same framework as Title VII retaliation claims); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997) (holding that ADA retaliation claims are evaluated under the same framework as Title VII retaliation claims). Thus, to establish a *prima facie* case of retaliation, Plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) a causal link between the protected expression and the adverse action exists.

Stewart, 117 F.3d at 1287.  An employee engages in statutorily protected expression if she has (1) opposed any employment practice made an unlawful practice by the ADA (the opposition clause) or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" (the participation clause).  42 U.S.C. § 12203; Mulkey v. Bd. of Comm'rs of Gordon Cty., 488 F. App'x 384, 389 (11th Cir. 2012); Howard v. Walgreen Co., 605 F.3d 1239, 1244 (11th Cir. 2010); Anduze v. Fla. Atl. Univ., 151 F. App'x 875, 878 (11th Cir. 2005).

Here, Plaintiff alleges she threatened to file an EEOC charge several times between March 2014 and December 2014, and eventually filed an EEOC charge on March 19, 2015.  (Compl. ¶ 27).  Plaintiff does not provide any information about her threats that would the Court to infer that those communications constituted protected activity.  For an informal complaint to be protected expression, the employee must have a subjective belief that the employer was engaged in unlawful employment practices and the belief must be objectively reasonable in light of the facts and record presented.  Harrison v. Belk, Inc., 748 F. App'x 936, 943 (11th Cir. 2018).  Complaints that stem from everyday disagreements with co-workers are not protected activity.  Id.  However, filing an EEOC charge is "protected activity" under the Rehabilitation Act.  Braithwaite v. School Bd. of Broward Cty., No. 17-13750, 2019 WL 993270, at *3 (11th Cir. Feb. 28, 2019).

A materially adverse employment action for purposes of a retaliation claim is "one that might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. and Santa Fe. Ry. Co. v. White, 548 U.S. 53, 68 (2006) (establishing the standard for Title VII retaliation claims) (citations omitted). Thus, the standard for retaliation claims protects against a wider range of conduct than discrimination claims. Crawford v. Carroll, 529 F.3d 961, 974 (11th Cir. 2008). Even under the standard for retaliation claims, however, "petty and trivial" actions are not considered sufficiently adverse. Rainey v. Holder, 412 F. App'x 235, 238 (11th Cir. 2011). Plaintiff's statement that she was harassed, belittled, and treated unfairly after March 2014 is conclusory and fails to allege an adverse employment action. (Compl. ¶ 23). Plaintiff alleges Defendant removed her AWOL charge in December 2014, and she was issued a "Letter of Caution." (Compl. ¶ 28). Plaintiff does not explain the relevance of the "Letter of Caution" or how it relates to the previous AWOL charge. Therefore, Plaintiff's allegations do not permit an inference of an adverse employment action that would dissuade someone from making or supporting a charge of discrimination.

Even if Plaintiff were able to identify a materially adverse employment action, the Amended Complaint does not allege any causal connection between any of Defendant's alleged conduct and Plaintiff's EEOC complaint. A plaintiff can establish

a causal relationship between the protected activity and an adverse employment action by showing a "close temporal proximity" between the two events. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004) (addressing a retaliation claim under the ADA). Thus, temporal proximity, without more, must be "very close." Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001); Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir.2007) (quotation omitted). Courts have held that one month between the protected expression and the adverse employment action can support an inference of causation, but three months is too remote. Jackson v. Agency for Persons with Disabilities Fla., 608 F. App'x 740, 743 (11th Cir. 2015) (summarizing the law that one month is close enough to support an inference of causation, but three to four months is not); Thomas, 506 F.3d at 1364 (holding that a three-month period between the protected expression and the adverse action does not allow a reasonable inference of causation). Here, Plaintiff states that she filed an EEOC complaint in March 2015; however, Plaintiff claims that a hostile work environment existed as early as March 2014, and Defendant issued the Letter of Caution on December 18, 2014. (Compl. ¶ 18). Because the Court is unable to infer a causal connection between Plaintiff's protected activity and any adverse employment action, the Court **RECOMMENDS** that Plaintiff's retaliation claim be **DISMISSED**.

### 3.     Hostile Work Environment under the Rehabilitation Act

In unpublished cases, the Eleventh Circuit has recognized hostile work environment claims under the Rehabilitation Act and applied the same *prima facie* case for claims brought under Title VII: (1) plaintiff belongs to a protected group; (2) plaintiff has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was "sufficiently severe to alter the terms and conditions of employment;" and (5) the employer is responsible under direct or vicarious liability.  Gooden v. Internal Revenue Serv., 679 F. App'x 958, 966-67 (11th Cir. 2017) (applying the Title VII standard to claims brought under the Rehabilitation Act); Wolfe v. Postmaster Gen., 488 F. App'x 465, 469 (11th Cir. 2012) (assuming without deciding that hostile work environment claims are cognizable under the Rehabilitation Act and applying Title VII standards); Burgos v. Chertoff, 274 F. App'x 839, 842 (11th Cir. 2008) (applying Title VII standards to a hostile work environment claim brought under the Rehabilitation Act); Dockery v. Nicholson, 170 F. App'x 63, 66-67 (11th Cir. 2006) (applying the Title VII standard to hostile work environment claim against a federal agency).  To show that the harassment was "sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment," the harassment must be both objectively and subjectively abusive.  Woodruff v. School Bd. of Seminole Cty., 304 F. App'x 795,

799 (11th Cir. 2008) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). Factors to be considered include: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (quoting Harris, 510 U.S. at 23).  The allegations of harassment described by Plaintiff are neutral with respect to Plaintiff's disability, and the facts do not suggest that any of the incidents occurred because of her disability.  (See Compl. ¶¶ 14, 15, 18, 21, 23-25).  Nor do any of Plaintiff's allegations rise to the level of being so "severe or pervasive" that they altered the conditions of her employment and created an abusive working environment.  Because Plaintiff does not allege disability-related harassment that was severe or pervasive, the Court **RECOMMENDS** that Plaintiff's hostile work environment claim be **DISMISSED**.

### 4.     Breach of Contract

Plaintiff requests a declaration that Defendant breached an agreement or agreements.  (Compl. p. 4).  The Complaint, however, does not identify any contract or agreement that Defendant allegedly breached.  (See generally Compl.).  In order to establish a breach of contract claim under Georgia law, Plaintiff must prove: (1) a breach of the contract and (2) resultant damages (3) for the party who has the right to complain about the contract being broken.  Inland Atlantic Old Nat'l Phase I, LLC v.

6425 Old Nat'l, LLC, 329 Ga. App. 671, 677 (2014); Dewrell Sacks, LLP v. Chicago Title Ins. Co., 324 Ga. App. 219, 223 (2013).  As an initial matter, for Plaintiff's breach of contract claim to state a plausible claim for relief, Plaintiff must identify the term or terms of the contract that Plaintiff alleges Defendant breached.  Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320, 1327 (11th Cir. 2005) (affirming dismissal of breach of contract claim where plaintiff could not identify a contractual provision defendant breached); Goodwill v. BB&T Inv. Servs., Inc., No. 1:13-cv-1119-WSD, 2013 WL 6271868, at *4 (N.D. Ga. Dec. 4, 2013) (finding that plaintiff did not plausibly assert a breach of contract where the plaintiff failed to provide sufficient information about the alleged contract); Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp.2d 1356, 1369 (N.D. Ga. 2006) (dismissing a breach of contract claim because plaintiff could not identify a contractual provision breached by defendant).  Plaintiff has not pled the terms of the contract she alleges was breached nor provided a copy of the contract.  Therefore, the Court **RECOMMENDS** that Plaintiff's claim for breach of contract be **DISMISSED**.

## CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's request to proceed in forma pauperis (Doc. 1) and **RECOMMENDS** that Plaintiff's Amended Complaint be **DISMISSED**.  As this is Plaintiff's second attempt to allege nearly

identical claims against Defendant, the Court **RECOMMENDS** that the claims be **DISMISSED WITH PREJUDICE**.  As this is a Final Report and Recommendation and there is nothing further in this action pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED** this   7   day of August, 2019.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE